# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIRELLA CASTILLO,

Defendant.

Case No. 1:24-cr-00128-JLT-SAB-10

ORDER DENYING REQUEST FOR TRAVEL EXPENSES WITHOUT PREJUDICE

(ECF No. 486)

Before the Court is Defendant Mirella Castillo's request for travel expenses in relation to a status conference to be held on September 10, 2026. (ECF No. 486.) Upon review of the request, the Court will deny the request without prejudice.

**I.**

**BACKGROUND**

Defendant is a resident of Lancaster, California. (Id.) In June 2024, Defendant was found to be indigent, and the Court appointed Criminal Justice Act ("CJA") panel counsel, pursuant to 18 U.S.C. § 3006A. (ECF No. 49.) Defendant is presently scheduled for a status conference on September 10, 2026, and now requests funds for travel, lodging, and subsistence. The funding authority for this request is multifaced, and therefore, the Court explains below.

Pursuant to 18 U.S.C. § 4285, a United States Magistrate Judge "may, . . . [where] the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of

noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required." Id. Therefore, Defendant seeks compensation, not to exceed the per diem allowance for travel under 5 U.S.C. § 5702(a), from the U.S. Marshal's Service for mileage and subsistence expenses for the cost of travel to attend the hearing.

However, 18 U.S.C. § 4285 does not obligate the U.S. Marshal's Service to pay an indigent defendant's expenses once the defendant arrives and can attend court. Relatedly, § 4285 covers travel only to a court appearance, not return travel home. Notwithstanding, the subsistence and return travel expenses have been held by courts to be bound up in a defendant's right to attend court proceedings; a defendant cannot be forced to choose between surrendering herself into custody or to go without food or lodging while attending court. See, e.g., United States v. Badalamenti, No. 84 Cr. 236 (PNL), 1986 WL 8309, at *1-*2 (S.D.N.Y. July 22, 1986). Courts have determined that the CJA, 18 U.S.C. § 3006A, can provide a funding mechanism for a defendant's lodging and subsistence expenses while he or she is away from home for court proceedings and for the cost of return travel and subsistence. See, e.g., United States v. Mendoza, 734 F. Supp. 2d 281, 286-87 (E.D.N.Y. 2010). Therefore, Defendant seeks compensation from funds authorized under the CJA, 18 U.S.C. § 3006A, for lodging, subsistence, and return travel home.

**II.**

**ANALYSIS**

The Court finds that Defendant has not adequately demonstrated that travel from Lancaster to Fresno, California, would be of such a burden to Defendant to implicate the funding for travel, lodging, and subsistence. In particular, the Court observes that in June 2025, Defendant requested permission to travel to Yuma, Arizona for a family gathering, which was granted. (ECF No. 304, 305.) In May 2026, Defendant requested permission to travel to Mexicali, Mexico, to visit her father, which was granted. (ECF Nos. 444, 451.) Though the Court is aware that Defendant has been found to be indigent for purposes of legal representation, the Court finds that at this time she has not demonstrated that she is financially unable to provide the necessary transportation to appear before the required court on her own.

That said, the Court recognizes that such a request may nonetheless be appropriate. In order to evaluate this, should Defendant file a renewed request, the Court will require Defendant to provide, **under penalty of perjury**, a full income analysis, including but not limited to all income sources, third-party contributions (including from family and friends), governmental assistance, and detailed expenses.

Furthermore, should the Court grant a renewed request, the Court will grant travel expenses only for a round-trip train ticket and lodging expenses for a hotel or motel where the U.S. Attorney's Office and/or Federal Defenders would lodge a witness. The Court will reserve a determination on subsistence and for Court appearances.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES the request for travel and subsistence funds (ECF No. 486), without prejudice to be renewed in compliance with the requirements set forth in this order.

IT IS SO ORDERED.

Dated: **September 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge