**Serita Rios, SBN# 246568**
**Law Office of Serita Rios**
**1435 L Street**
**Fresno, CA 93721**
**Phone: (559) 224-1800**
**Fax: (559) 224-1806**
**E-mail: serita@seritarioslaw.com**

Attorney for Defendant MIRELLA CASTILLO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MIRELLA CASTILLO,<br>Defendant. | Case No. 1:24-CR-00128-JLT-SAB<br><br>**DEFENDANT MIRELLA CASTILLO'S RENEWED REQUEST FOR TRAVEL AND SUBSISTENCE FUNDS; ORDER** |

Defendant MIRELLA CASTILLO respectfully renews her request for travel and subsistence funds so that she may travel from Lancaster, California to Fresno, California to attend her arraignment on the Superseding Indictment on October 14, 2026.

On September 4, 2026, the Court denied Ms. Castillo's prior request for travel and subsistence expenses without prejudice. ECF No. 493. The Court found that, although Ms. Castillo had previously been determined indigent for purposes of appointment of counsel, the prior request did not sufficiently establish that she was financially unable to provide the transportation necessary to appear in Fresno. The Court directed that any renewed request include, under penalty of perjury, a full income analysis, including all income sources, third-party contributions,

governmental assistance, and detailed expenses. *Id.* at 2–3. The Court further indicated that, if a renewed request is granted, travel expenses would be limited to a round-trip train ticket and, if necessary, lodging at a hotel or motel of the type used by the United States Attorney's Office and/or Federal Defenders to lodge a witness. *Id.* at 3. The Court reserved the issue of subsistence expenses. *Id.*

Ms. Castillo lives in Lancaster, California with her three minor children. She is employed with the Los Angeles Dependency Lawyers as a peer advocate. In response to the Court's Order on September 4, 2026, Ms. Castillo submits the accompanying declaration setting forth her current income, governmental assistance, third-party contributions, monthly expenses, available funds and assets, and the circumstances surrounding her previously authorized travel to Yuma, Arizona and Mexicali, Mexico.

As explained in her declaration, after payment of the necessary expenses required to support herself and her three children, Ms. Castillo does not have sufficient available funds to pay for the transportation necessary to travel from Lancaster to Fresno for her required Court appearance and return home without compromising funds needed for her family's basic living expenses.

There is statutory authority for this Court to direct the United States Marshal to provide Ms. Castillo the cost of travel to Fresno, California, so that she can attend her Court hearing. 18 U.S.C. §4285. Accordingly, Ms. Castillo requests that the United States Marshal provide her with train transportation costs and subsistence expenses during that travel period, not to exceed the amount authorized as a per diem allowance for travel under 5 U.S.C. §5702(a).

Several cases have held that §4285 does not obligate the U.S. Marshals Service to pay an indigent defendant's subsistence expenses – food and lodging – once the defendant arrives and can attend Court. Of course, the defendant has a due process

right to attend his court proceedings and cannot be forced to choose between surrendering himself into custody or to go without food and lodging while attending court. *See, United States v. Badalamenti,* 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986). In *United States v. Mendoza,* 734 F.Supp.2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A, provided the appropriate funding mechanism for a defendant's lodging and subsistence expenses while he is away from home for court proceedings and for the cost of return travel and subsistence.

Based on those precedents, Ms. Castillo requests funding as follows:

(1) From the United States Marshal for the cost of train transportation to Fresno, California, so that she can attend court in Fresno on October 14, 2026, and subsistence during that travel, pursuant to 18 U.S.C. §4285.

(2) From funds authorized under the Criminal Justice Act, 18 U.S.C. §3006A, for Ms. Castillo's subsistence expenses while she is in Fresno on October 14, 2026, for court and for the cost of train transportation for her travel home and subsistence during that travel.

(3) If required due to the hearing time and available train schedules, one night of reasonable lodging in Fresno.

Undersigned counsel is informed and believes this Court is inclined to order travel and subsistence funding as referenced in (1) - (3) above and to further authorize undersigned counsel to advance the subsistence expenses specified in (2) above with reimbursement to counsel from the Criminal Justice Act (CJA) funds ordered by the Court. Counsel will seek reimbursement from CJA funds promptly once the authorized travel is completed.

Dated: October 6, 2026

*/s/ Serita Rios*

**Serita Rios**
Attorney for Defendant

## ORDER

Pursuant to 18 U.S.C. §4285, the Court orders the U.S. Marshal to furnish Ms. Castillo with the cost of train transportation from Lancaster, California to Fresno, California, so that she may attend court on October 14, 2026. Additionally, the U.S. Marshal shall provide Ms. Castillo with subsistence expenses for this travel period not to exceed the amount authorized as per diem allowance under 5 U.S.C. §5702(a).

Pursuant to 18 U.S.C. §3006A, the Court orders the Federal Defender's Office to disburse Criminal Justice Act (CJA) funds for Ms. Castillo's reasonable subsistence expenses while she is in Fresno on October 14, 2026, for her court hearing, including reasonable lodging for one overnight stay, if required due to the hearing time and available train schedules. The Court further orders the disbursement of CJA funds for Ms. Castillo's return travel to Lancaster, California, on October 14, 2026, and reasonable subsistence during that travel. To the extent practicable, the travel and subsistence expenses shall not exceed the parameters set forth in the GSA federal travel guidelines and the per diem allowance for travel in 5 U.S.C. §5702(a).

It is further ordered that defense counsel may advance the CJA-authorized expenses, and that the Federal Defender's Office shall reimburse counsel from CJA funds. Counsel shall seek reimbursement promptly once the authorized travel is completed. Counsel shall endeavor to limit the expenses to the parameters set forth in the GSA federal travel guidelines and the per diem allowance for travel in 5 U.S.C. §5702(a), however, counsel is not personally liable for excess expenses and shall be reimbursed from CJA funds for all expenses reasonably authorized.

IT IS SO ORDERED.

Dated: **October 13, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE